UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC L. CHRISTOFFERSEN,<br><br>　　　　　Respondent. | Case No. 1:18-cv-01309-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS UNAUTHORIZED SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>ECF Nos. 1, 2<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Charles Jones, a state prisoner without counsel, has filed a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Petitioner has unsuccessfully pursued at least two Section 2254 petitions in the past, challenging the same state court judgment from 1993. *See Jones v. Unknown*, No. 1:13-cv-918-JLT, ECF No. 19 (E.D. Cal. Dec. 12, 2013); *Jones v. People*, No. 1:12-cv-01938-MJS, ECF No. 6 (E.D. Cal. Mar. 7, 2013). He has not obtained the authorization from the Ninth Circuit to pursue a second or successive petition, so we lack jurisdiction over this case. We recommend that the court dismiss the petition for lack of jurisdiction.

1

## I. Second or Successive Petition

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner contends that two cases from the California Supreme Court show that his due process rights were violated. He relies on *People v. Banks*, 61 Cal. 4th 788 (2015), and *People v. Chiu*, 59 Cal. 4th 155 (2014). *See* ECF No. 1 at 16, 37. Because these cases were decided after his conviction, petitioner could not rely on them as the basis of due process claims at the time of his criminal trial. However, before pursuing a successive habeas corpus petition, he must first obtain authorization to do so from the Ninth Circuit. Because the Ninth Circuit has not authorized petitioner to pursue a second or successive petition, we lack jurisdiction over this case. *See Burton*, 549 U.S. at 157. We therefore recommend dismissing this case for lack of jurisdiction.

## II. Petitioner's Motion for Stay and Abeyance

Petitioner moves to stay the case, stating that he needs to obtain necessary documents before proceeding further in this case and that he had ineffective assistance of counsel on direct appeal. ECF No. 2. Because the court must dismiss the case for lack of jurisdiction, petitioner's motion for stay and abeyance is moot. We recommend that the court deny the motion.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases

requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

## IV. Order

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

## V. Findings and recommendations

We recommend that the court dismiss the petition, ECF No. 1, for lack of jurisdiction, deny petitioner's motion for stay and abeyance, ECF No. 2, as moot, and decline to issue a certificate of appealability.

We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 23, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202